**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1816**

JOHN MCLAIN, United States Of America, ex rel.,

             Plaintiff – Appellant,

       v.

KBR, INC.,

             Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:08-cv-00499-GBL-TCB)

Submitted:  July 31, 2015          Decided:  August 13, 2015

Before WILKINSON and SHEDD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jonathan K. Tycko, TYCKO & ZAVAREEI LLP, Washington, D.C.; Harry Litman, LITMAN LAW FIRM, Pittsburg, Pennsylvania, for Appellants.  John P. Elwood, Craig D. Margolis, Tirzah S. Lollar, Joshua S. Johnson, VINSON & ELKINS LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John McLain filed a complaint against KBR, Inc., pursuant the False Claims Act, 31 U.S.C. §§ 3728-33 (2012) ("FCA"), asserting that KBR submitted false claims for payment in connection with electrical work it did in Iraq pursuant to a government contract. The district court dismissed McLain's initial complaint, but allowed him to file an amended complaint. The court then dismissed the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, we affirm the district court's order.

We review de novo a district court's dismissal under Fed. R. Civ. P. 12(b)(6), accepting factual allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. Kensington Volunteer Fire Dep't v. Montgomery Cty., 684 F.3d 462, 467 (4th Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The FCA prohibits any person from knowingly presenting or causing to be presented a false or fraudulent claim for payment, or knowingly making, using, or causing to be made or used, a false record or statement material to a false or fraudulent claim. 31 U.S.C. § 3729(a)(1)(A), (B). "To prove a false claim, a plaintiff must allege four elements: (1) a false

2

statement or fraudulent course of conduct; (2) made with the requisite scienter; (3) that is material; and (4) that results in a claim to the [g]overnment." United States v. Triple Canopy, 775 F.3d 628, 634 (4th Cir. 2015), pet. for cert. filed, No. 14-1440 (June 8, 2015).

In addition, "claims under the FCA must also meet the more stringent particularity requirement of Federal Rule of Civil Procedure 9(b)." Id. at 634 (internal quotations omitted). In this context, "Rule 9(b) requires that an FCA plaintiff must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Id. (internal quotation marks omitted). We have thoroughly reviewed the record and conclude that the district court did not err in concluding that the amended complaint failed to plead fraud with the requisite specificity. On this basis, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED

3